IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORLANDO FERNANDEZ,<br>Plaintiff | : <br> : <br> : | |
| vs. | : | CIVIL NO. 1:12-CV-00278 |
| DONALD REIHART, Solicitor, et al.<br>Defendants | : <br> : <br> : <br> : | (Judge Caldwell) |

*M E M O R A N D U M*

I.  *Introduction*

Plaintiff, Orlando Fernandez, is an ICE (or "INS") detainee confined at the Clinton County Prison in McElhatten, Pennsylvania. He filed this 42 U.S.C. § 1983 lawsuit based on his treatment while he was confined at the York County Prison. He makes a claim for excessive force arising from an altercation with prison personnel and several claims for unconstitutional medical treatment, some of the treatment arising from the altercation.

The "medical defendants" have filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. They argue that, at most, Plaintiff alleges only a disagreement with their treatment of his conditions, which is insufficient for a civil-rights claims based on medical care. The medical defendants are: Dr. Rollings-Mazza, Dr. Erik Von Kiel, Jennifer Miosi, Chris Jensen, Toby Catone, Jeff Leer, Shannon Taylor, Robin Rochow, Michelle Rau, Laura Skaggs and John/Jane Does.

II. *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

With this standard in mind, we set forth the background pertinent to the medical claims, as Plaintiff alleges it.

III.  *Background*

Plaintiff alleges as follows.  On February 16, 2010, defendant Captain Bolding "thr[ew him] to the floor in a harsh manner . . . while [he was] still handcuffed," and several correctional officers "fell upon [him] while he was on the floor."  (Compl. ¶¶ 31-32).  "Plaintiff began screaming in pain and stated that he was being hurt," and he "was [then] escorted to the crosshall medical unit."  (*Id.* ¶¶ 33, 45).

Plaintiff was examined by "Nurse Laura Doe" (identified as Laura Skaggs) and he "asked [her] to transport him to the hospital for evaluation and treatment because he was in severe pain."  (*Id.* ¶¶ 46-47).  "Plaintiff was examined briefly by the nurses in the medical unit and the uniformed officers were informed that [he] was fine and fit to return to his unit even though [he] asserted that he was in severe pain."  (*Id.* ¶ 50).  As a result of "disruption," Plaintiff was then placed "into administrative segregation."  (*Id.* ¶ 54).

The following day, February 17, at Plaintiff's request, he was taken to the "INS" medical unit.  (*Id.* ¶¶ 59-60).  The nurse at that unit said "she did not know what to do for Plaintiff" and she and Nurse John/Jane Doe "placed him into a wheelchair and transported him to the cross hall medical unit for further observation."  (*Id.* ¶ 67).  At the cross hall unit, "Nurse John/Jane Doe . . . examined the Plaintiff's ankle and directed that the ankle be treated with ice."  (*Id.* ¶ 68).

Physician's assistant, defendant Toby Catone, then examined Plaintiff, causing him to "scream[ ] out in pain" when she touched his back. (*Id.* ¶¶ 70-71). She "prescribed pain medication and directed him to leave her office." (*Id.* ¶ 72).

On February 18, "Plaintiff was called to the cross halls medical unit. He was denied a request to use a wheelchair and hopped to the unit. (*Id.* ¶¶ 77-78). At the unit, Plaintiff was given X-rays on his "ankle and thumb . . . but not his hand, writs (sic) shoulder [or] back." (*Id.* at ¶ 79).

Between February and October, Plaintiff continued to receive treatment for his "severe pain" from prison medical personnel, INS medical personnel, and from doctors at York Hospital. (*Id.* ¶¶ 121, 127-133, 136-137, 139, 141, 143-145, 150, 155-157, 162-164, 176, 201, 206-207, 240).

On March 30, 2011, about six weeks after the altercation, Plaintiff was treated "for the first time by a doctor at York Hospital." (*Id.* ¶ 136). His evaluation indicated he had a broken rib and nerve damage to his left thumb. He was told he needed physical therapy for injuries to his right ankle, knees and left hand. (*Id.* ¶ 137). He was seen at York Hospital again on May 11, 2010, and on August 31, 2010. (Id. ¶ 150 and 206). At the last visit, he was told "he would never regain feeling in his left thumb because the damage was permanent and that Plaintiff's file would be marked as he should seek treatment at the hospital as often as is needed." (*Id.* ¶ 207).

Plaintiff also alleges that he was denied access to York Hospital on several occasions (*id.* ¶¶ 47, 176, 306, 308), that prison officials denied several of his medical

grievances (*id.* at ¶¶ 225, 230, 257-258, 266), and that he now suffers from the "inability to bend, walk, kneel for prolonged periods, hypertension, severe pain in his back, neck, ankle, shoulder, back (sic), and permanent damage to his left thumb . . . as well as mental health disorders such as anxiety, depression, post traumatic stress disorder, [and] nervousness." (*Id.*, at p. 44).

Plaintiff's complaint states eight causes of action.  Only the first one alleges a violation of the Eighth Amendment for the medical care Plaintiff received.[1]

IV.   *Discussion*

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)(*citing Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The Eighth Amendment prohibits the "'unnecessary and wanton infliction of pain contrary to contemporary standards of decency.'"  *Id.* (*quoting Helling v. McKinney*, 509 U.S. 25, 32, 113 S.Ct. 2475, 125 L.Ed.2d 22, 31 (1993)).  In the context of prison medical care, in order to state a cognizable claim for the denial of medical treatment, the plaintiff must prove that (1) he had a serious medical need, and (2) that the defendants were deliberately indifferent to that need.  *Id.*

Deliberate indifference requires "obduracy and wantonness," "a recklessness or conscious disregard of a serious risk" to the prisoner.  *Rouse, supra*, 182

---

[1] Plaintiff, an ICE detainee, acknowledges that the Eighth Amendment applies only to prisoners but nonetheless litigates his claim under the Eighth Amendment.

F.3d at 197 (quoted cases omitted).  Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice." *Estelle*, 429 U.S. at 107, 97 S.Ct. at 293.  "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."  *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).  Further, one doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment.  *See White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).  In other words, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference.  *See Young v. Quinlan*, 960 F.2d 351, 358 n.18 (3d Cir. 1992); *see also Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

In moving to dismiss the Eighth Amendment medical claims against them, the medical defendants have gone through each allegation against each of them and argue that the allegations of Plaintiff's complaint are not sufficient to show that they violated Plaintiff's Eighth Amendment rights.  Instead, the allegations establish, at most, that Plaintiff disagrees with the care they provided him, and a plaintiff's disagreement with the care he received is not sufficient to plead an Eighth Amendment medical claim.  In opposition, Plaintiff asserts that he has stated valid claims, conducting his own review of the complaint.

We have reviewed the parties' briefs, and we agree with the medical defendants that Plaintiff's complaint fails to allege valid Eighth Amendment claims against them. The complaint alleges only that Plaintiff received treatment and that he disagrees with the treatment he received. There is a possibility that there was some medical negligence, but that is also insufficient for an Eighth Amendment claim. Additionally, some of the allegations concerning the treatment given are not specific enough as to the extent of the treatment. (It is not helpful simply to allege that the defendant "failed to provide Plaintiff with adequate or appropriate mental health services." (Compl. ¶ 326)).

If we find the claims deficient, Plaintiff has requested leave to amend. We will grant that request. The amended complaint need only focus on the claims against the medical defendants; it need not also reassert the claims against the other defendants. Unlike the current complaint, it shall also comply with Fed. R. Civ. P. 8(a)(2).[2]

We will issue an appropriate order.

 /s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 8, 2012

---

[2] The current complaint has 334 paragraphs of substantive allegations, many of which are not material to Plaintiff's claims.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ORLANDO FERNANDEZ, :
    Plaintiff :
 :
  vs. : CIVIL NO. 1:12-CV-00278-WWC
 :
DONALD REIHART, Solicitor, et al. :
    Defendants :
 :
 :

*O R D E R*

AND NOW, this 8th day of November, 2012, upon consideration of the Medical Defendants' motion (Doc. 4) to dismiss the complaint as against them, it is ordered that:

   1. The motion is granted.

   2. Plaintiff's complaint is dismissed as against the Medical Defendants, Dr. Rollings-Mazza, Dr. Erik Von Kiel, Jennifer Miosi, Chris Jensen, Toby Catone, Jeff Leer, Shannon Taylor, Robin Rochow, Michelle Rau, Laura Skaggs and medical John/Jane Does.

   3. Plaintiff is granted twenty-one (21) days from the date of this order to file an amended complaint against the Medical Defendants, Dr. Rollings-Mazza, Dr. Erik Von Kiel, Jennifer Miosi, Chris Jensen, Toby Catone, Jeff Leer, Shannon Taylor, Robin Rochow, Michelle Rau, Laura Skaggs and medical John/Jane Does, setting forth with sufficient factual specificity

his Eighth Amendment medical claims against them.  Failure to comply with Fed. R. Civ. P. 8(a)(2) will result in dismissal of any amended complaint.


    /s/William W. Caldwell
William W. Caldwell
United States District Judge